UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAM SWEATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:19-cv-04911 |
| | ) |
| RENAISSANCE ACQUISITION COMPANY, | ) |
| LLC, and RENAISSANCE ADMINISTRATION, | ) |
| LLC d/b/a RENAISSANCE PHILANTHROPIC | ) |
| SOLUTIONS GROUP a/k/a RENPSG | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**I. STATEMENT OF THE CASE**

1. Plaintiff, Kam Sweatt (hereinafter "Sweatt" or "Plaintiff"), brings her Complaint against Defendants, Renaissance Acquisition Company, LLC, Renaissance Administration, LLC d/b/a Renaissance Philanthropic Solutions Group a/k/a RenPSG (hereinafter "RenPSG") (hereinafter collectively "Defendants"), for violations of the Equal Pay Act, 29 U.S.C. § 206(d), 216(b), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203. Sweatt contends she was subjected to wage discrimination based on her sex, female, and was not compensated for all overtime work performed.

**II. PARTIES**

2. At all times material to this Complaint, the Plaintiff was over 18 years of age, a resident of Hendricks County, State of Indiana, and a female citizen of the United States.

3. Renaissance Acquisition Company, LLC is an Indiana based Domestic Limited Liability Company which does business as RenPSG within the geographical boundaries of the Southern District of Indiana.

4. Renaissance Administration, LLC is an Indiana based Domestic Limited Liability Company which does business as Renaissance Philanthropic Solutions Group, a/k/a RenPSG within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

5. Sweatt was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

6. RenPSG was an "employer" within the meaning of 29 U.S.C. § 203(d).

7. Jurisdiction is conferred to this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions, and occurrences material to this Complaint have arisen in the geographical purview of the Southern District of Indiana.

### IV. FACTUAL ALLEGATIONS

9. Sweatt was hired by RenPSG in February of 1996 as an Office Assistant.

10. Within 6 months she was moved to trust administration as a "Trust specialist."

11. One year later she was moved to "Trust Inprocessor," and from there to "Client Service Manager" then to "Senior Client Service Specialist." Upon Sweatt's departure this position was then known as "Senior Client Executive"

12. Sweatt was in core charitable trust administration ("Core") as was Greg McGrath and several other male coworkers were also in Core administration before Greg McGrath moved to an Institutional group.

13. Sweatt remained in Core but took on additional roles in training new staff members, writing procedures and acting as the backup pricing specialist, for which she did not receive any additional compensation.

14. Sweatt began working on an Institutional group around year 2010-2011 in addition to maintaining her other Core administration duties

15. Around the same time Steve Birt another male coworker returned to RenPSG and took on an Institutional client.

16. Birt returned making more than Sweatt and has been ever since.

17. In July of 2016 when Sweatt took on her last role as a partner and Co-Senior Client Executive with Greg McGrath, this group was much more complicated than any other group administered by RenPSG at that time including Birt's group. Sweattt again did not receive any additional compensation for her new role but was told by management that this was a "lateral move." However, Sweatt was required to self-educate and take on several new tasks that she was not compenstated for. In contrast to Sweatt, Greg McGrath did receive additional compensation when he took on the new institutional role alongside of Sweatt. Throughout her time at RenPSG she continued to make less than both Greg McGrath and Steve Birt.

## V.  COUNT I. EQUAL PAY ACT CLAIM

18. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above, and further alleges as follows:

19. The Plaintiff brings this action in accordance with 29 U.S.C.A. § 216(b).

20. At all times material to this Complaint, Plaintiff received less pay than male employees employed by the Defendants in the same establishment performing equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

21. Male comparators performing work substantially equal to that of the Plaintiff include, but are not limited to: Greg McGrath and Steve Birt.

22. The Plaintiff complained to the Defendants of the discriminatory treatment given her with respect to her remuneration, and yet the Defendants willfully refuse to alter their sex-based wage rates, in violation of 29 U.S.C.A. § 206(d)(1). The Defendants knew or had reason to know that their conduct was governed by the Equal Pay Act.

23. Such action of the Defendants entitles the Plaintiffs to recover from the Defendants full back pay and benefits, as well as liquidated damages, the costs of this action, and a reasonable attorney's fee.

THEREFORE, the Plaintiff demands:

A. That the court assert jurisdiction over this action.

B. That the court grant the Plaintiff a jury trial on all issues so triable.

C. That the court enter an Order declaring the discriminatory practices as identified above to be in violation of the Equal Pay Act, in that the Plaintiff has been discriminated against on the basis of her sex, as she has received rate of pay from Defendants less than the rate afforded male employees for substantially equal work.

D. That the court enter an Order enjoining such discriminatory pay practices.

E. That the court award the Plaintiff full back pay and all attendant benefits, from the date of her appointment as Senior Client Executive to the date such Order is effectuated, plus interest on such amounts at the judicial rate, compounded annually.

F. That the court award the Plaintiff an amount equal to such back pay and benefits as liquidated damages.

G. That the court award the Plaintiff a reasonable attorney's fee and the costs of this action.

H. That the court award the Plaintiff any other relief it deems just and equitable.

## VI. COUNT II. FLSA and State Law CLAIMS

24. The Plaintiff realleges and incorporates by reference the allegations contained within paragraphs 1 through 23 above and further alleges as follows:

25. This lawsuit against the Defendant arises under the Federal Labor Standards Act ("FLSA"), 29 USC § 201 *et seq* for their failure to pay Plaintiff overtime wages.

26. Additionally, Indiana's Wage, Hour and Benefits Laws, I.C. §22-2-2-1 *et seq,* supports Plaintiff's wage claims.

27. The Plaintiff is a former employee of the Defendant. Her job title was a Senior Client Executive, but despite her professional title, the work that she performed was predominately ministerial.

28. It is Plaintiff's assertion that she was misclassified as "exempt" from the overtime requirements of the FLSA.

29. During the Plaintiff's employment with the Defendant, the Federal overtime pay regulations required the Defendant to pay the Plaintiff one and a half (1 ½) times her regular rate of pay for all hours she worked over forty (40) in a workweek.

30. The Plaintiff started working for the Defendant beginning in February 1996. She voluntarily left her position on June 6, 2019, after 23 years with the company.

31. At the time she left the company, Plaintiffs salary was $64,000 annually.

32. During the entire time she worked as a Senior Client Executive assigned to the Institutional Groups, Plaintiff regularly worked more than forty (40) hours per week, thereby qualifying her for overtime pay.

33. The Defendant fails to maintain records pertinent to the Plaintiff's employment as required under the FLSA, 29 CFR §516 *et seq.*

34. The Defendant intentionally developed a payment scheme that avoided paying Plaintiff for her overtime work.

THEREFORE, the Plaintiff demands:

A. That the court assert jurisdiction over this action.

B. That the court grant the Plaintiff a jury trial on all issues so triable.

C. That the court enter an Order declaring the practices as identified above to be in violation of the Fair Labor Standards Act, in that the Plaintiff has been misclassified as an exempt employee, and she has not received overtime compensation for her hours worked in excess of 40 hours in a given week.

D. That the court enter an Order enjoining such pay practices.

E. That the court award the Plaintiff full overtime pay and all attendant benefits, from the date of her appointment as Senior Client Executive to the date such Order is effectuated, plus interest on such amounts at the judicial rate, compounded annually.

F. That the court award the Plaintiff an amount equal to such pay and benefits as liquidated damages.

G. That the court award the Plaintiff a reasonable attorney's fee and the costs of this action.

H. That the court award the Plaintiff any other relief it deems just and equitable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Kam Sweatt, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
05-125